IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHICO NAKIA CURRY | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-25 |
| JESSICA HOLCOMB, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Chico Nakia Curry, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Jessica Holcomb. In an Amended Complaint (doc. #14), Plaintiff added Sergeant Brandon Bear, Officer Samuel Oritsetserundede and Officer Korie Braugh as defendants (these individuals are referred to herein collectively as the "Additional Defendants"). This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

In his Complaint (doc. #2),[1] Plaintiff alleges that on October 14, 2015, he was taking a sponge bath in his cell because inmates had not been permitted to go to the showers for two days. He and Defendant Holcomb exchanged words which Plaintiff believed caused her to become angry with him.

Plaintiff states that when Defendant Holcomb returned to his cell later, he was on his hands and knees cleaning up water in front of his sink and toilet. Plaintiff heard keys in the lock to his cell

---

[1] The Complaint and the Original Complaint were originally filed in Civil Action No 9:16cv189 (E.D. Tex.). The claims against Defendant Holcomb and the Additional Defendants were severed into this action.

door and turned around. He states that before he knew it, Defendant Holcomb had unlocked his tray slot, reached into the cell with her can of pepper spray and sprayed him. Plaintiff alleges that more than two days passed before he was allowed to wash the spray from his skin.

In his Amended Complaint, Plaintiff alleges that after the altercation, Nurse Stephen Martin told the Additional Defendants to allow Plaintiff to shower in order to avoid skin and eye irritation. He states the Additional Defendants refused to take him to the shower. Plaintiff further alleges Defendant Bear place him in a cell without a change of clothes, soap or a towel, where he remained for three days.

## Standard of Review

A lawsuit or claim filed by a prisoner shall be dismissed pursuant to 28 U.S.C. § 1915A if it is frivolous, malicious or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its fact. *Id*. at 570. Conclusory allegations and a formulaic

recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

For the reasons set forth below, the claims against the Additional Defendants are barred by the applicable statute of limitations.

There is no federal statute of limitations for actions filed pursuant to 42 U.S.C. § 1983. As a result, federal courts borrow the forum state's general personal injury limitations period. *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019). Applying Texas law, the statute of limitations for an action brought pursuant to Section 1983 is two years. *Piotrowski v. City of Houston*, 51 F.3d 512, 515, n.5 (5th Cir. 1995). Federal law determines the date the cause of action accrued. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

It appears the actions attributed to the Additional Defendants took place on October 14, 2015. Plaintiff's claims against them therefore accrued on that date. Plaintiff did not file his Amended Complaint adding the claims against the Additional Defendants until March 21, 2020, more than four years later. As the claims against the Additional Defendants accrued more than two years prior to the filing of the Amended Complaint in which they were first raised, these claims are barred by the applicable statute of limitations.

Before finally concluding that the statute of limitations bars the claims against the Additional Defendants, it should be considered whether Federal Rule of Civil Procedure 15(c) applies to cause these claims to "relate back" to when the Complaint was filed.

Rule 15(c)(1) provides as follows:

An amendment of a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Federal Rule of Civil Procedure 4(m) provides as follows:

If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But it the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In order for the claims against the Additional Defendants to relate back to the time the Complaint was filed: (a) the claims must have arisen out of the same conduct, transaction or occurrence set forth in the original pleading and (b) the persons named in the Amended Complaint must have, within 90 days after Plaintiff filed his complaint, received: (1) notice of the action such that they would not be prejudiced in maintaining a defense on the merits and (2) knew or should

have known that the action would have been brought against them but for a mistake concerning the identity of the proper party.[2]

The claims against the Additional Defendants at least arguably satisfy the first element. However the claims against the Additional Defendants do not satisfy the second element. The record does not reflect that the Additional Defendants received notice of the claims against them within 90 days after the original complaint was filed.[3] Nor does the failure to name these individuals in the Complaint appear to be the result of a mistake concerning their identity. *See Jacobsen v. Osborne*, 133 F.3d 315, 321-22 (5th Cir. 1998) (holding that where the proposed amendment naming additional defendants was not caused by a mistake concerning the identity of a defendant or a misidentification of a defendant, Rule 15 does not allow relation back to the date the original complaint was filed). Accordingly, the claims against the Additional Defendants do not relate back to the date on which the Complaint was filed.

"[W]here it is clear from the face of [pleadings] filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to [Section 1915A]." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). As the claims

---

[2] Pursuant to Rule 15(c)(1), an amended complaint can also relate back if the applicable state law permits it. However, Texas law does not permit relation back of an amended complaint when a plaintiff attempts to add a new party after the expiration of the statute of limitations. *Kirkpatrick v. Harris*, 716 S.W.2d 124, 125 (Tex.App.–Dallas 1986, no writ).

[3] As Plaintiff is a prisoner, his complaint is subject to judicial screening and the Defendants could not have been served with process until the court concluded its screening. *See* 28 U.S.C. § 1915A. As Plaintiff has no control over when judicial screening is completed, it might in some circumstances be unfair to require Plaintiff to have made the Additional Defendants aware of the claims against them within 90 days of the filing of the Complaint. In this case, however, the Amended Complaint was filed more than four years after the Complaint. Moreover, the Amended Complaint was filed more than a year after the court completed its judicial screening. Both of these time periods exceed the 90 day period allowed for service. As the allegations in the Amended Complaint are only tangentially related to those in the Complaint, the Additional Defendants would have had no reason to believe Plaintiff intended to sue them within 90 days of the Complaint being filed or within 90 days of the completion of judicial screening. As a result, the Amended Complaint does not relate back to when the Complaint was filed even when the requirement of judicial screening is taken into account.

against the Additional Defendants are barred by the applicable statute of limitations, these claims should be dismissed.

## Recommendation

The claims against Defendants Bear, Oritsetserundede and Baugh should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 21st day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE